UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM WALKER, | : | |
| | : | Civil Action No. 2:09-4967 (SDW) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : | |
| | : | September 8, 2010 |
| Respondent. | : | |

WIGENTON, District Judge.

Before the Court is William Walker's ("Petitioner" or "Walker") petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[1] (the "Petition") (Docket Entry No. 1). The United States Government ("Government") opposes the Petition and disputes each of Petitioner's contentions (Docket Entry No. 9). For the reasons set forth below, the Court **DENIES** the Petition and **GRANTS** the Government's Motion to Dismiss.

---

[1] Section 2255 reads in relevant part:
  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255.

1

## BACKGROUND

From about 2002 to about November 2006, Walker was the Director of the Neighborhood Preservation Project for the City of New Brunswick's Planning and Economic Development Department. Walker's responsibilities included, but were not limited to, approving funding and contracts for the rehabilitation of substandard conditions in homes owned by qualified low-or-moderate-income owners within the City of New Brunswick. On February 7, 2008, a Grand Jury sitting in Newark, New Jersey returned a fifty-seven (57) count Superseding Indictment against Walker relating to his acceptance of corrupt payments from contractors in exchange for official favors. Specifically, the Superseding Indictment alleged that between January 2004 and September 2006, Walker routinely received corrupt cash payments from contractors doing business with the City of New Brunswick.

On April 22, 2008, the Petitioner entered into a plea agreement with the U.S. Attorney's Office in which he agreed to plead guilty to Counts One (extortion under color of official right) and Fifty-Five (filing a false tax return) of the Superseding Indictment. Significantly, the Petitioner and Government stipulated to a conditional waiver of appeal, in which Petitioner, among other things, waived his right to file any appeal or collateral attack that disputed the sentencing court's determination of the appropriate offense level if that offense level was equal to or less than 29.

On April 30, 2008, the Petitioner appeared before Judge Harold A. Ackerman, in this District, to enter his guilty plea. During the plea proceeding, the Court confirmed that the Petitioner was entering into the plea agreement knowingly and voluntarily and that the terms of the plea agreement, under certain conditions, included a waiver of his right to appeal or collaterally attack his sentence. On behalf of Petitioner, his attorney acknowledged that he

understood and Mr. Walker made no objection. *United States v. Walker*, Crim. No. 07-627(HAA), (D.N.J. August 30, 2008).

On December 10, 2008, consistent with the Presentence Report and the terms of Petitioner's Plea Agreement, the Court found that Petitioner's Total Offense Level was 29 and sentenced Petitioner to an imprisonment term of 87 months for Count One and 36 months for Count Fifty-Five, imposed to run concurrently. Pursuant to the plea agreement, all other counts of the Superseding Indictment were dismissed.

On September 25, 2009, Walker timely filed the present petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based upon "ineffective assistance of counsel."[2] In support of his petition, Walker argues that: (1) the evidence was only sufficient to support a 10-level increase under § 2B1.1(E) and not the 12-level increase he received under § 2B1.1(G); (2) the Petitioner did not have the sole decision-making authority and consequently, should not have received a 4-level increase pursuant to § 2C1.1(b)(3); (3) Petitioner was not a "public official" and consequently should not have had a Base Offense Level of 14; and (4) Petitioner's attorney never filed a direct appeal. *See* Docket Entry No. 1 at 4-5.

**DISCUSSION**

When considering a § 2255 petition, the Court must "accept the truth of the [Petitioner]'s factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005) (internal citations and quotation marks omitted). The Court is also required to hold an evidentiary hearing unless the § 2255 petition, along with the underlying case record, show conclusively that the Petitioner is not entitled to relief. *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Furthermore, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides: "If it plainly appears from the [Petition],

---

[2] The Petitioner did not file an appeal with the United States Court of Appeals for the Third Circuit.

attached exhibits and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the [petitioner]." Fed. R. Governing § 2255 Proceedings 4(b).

I.  Waiver

In his plea agreement dated April 2, 2008, Petitioner agreed to waive his right to file an appeal, collateral attack, writ or motion after sentencing, including a § 2255 motion, if "that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29," corresponding to 87-108 months incarceration. Plea Agreement at 9. Petitioner was sentenced to 87 months, which is the lowest end of that range. Therefore, Petitioner's right to file a § 2255 motion has been waived.

Under Third Circuit law, waivers of a right to appeal are valid if entered into knowingly and voluntarily, unless enforcing such a waiver would result in a miscarriage of justice. *United States v. Khattak,* 273 F.3d 557, 558, 562 (3d Cir. 2001). In determining when the enforcement of a waiver of the right to appeal would result in such a miscarriage of justice, there is no "blanket rule prohibiting all review of certain otherwise valid waivers." *See id.* at 562-63 (refusing to "earmark specific situations" that would warrant invalidating such a waiver). Instead, the governing standard is whether "the error would work a miscarriage of justice." *Id.* at 563. It is an "unusual circumstance," however, when an "error amounting to a miscarriage of justice may invalidate the waiver." *Id.* at 562.

The Third Circuit has not yet determined whether its ruling in *Khattak* applies equally to a criminal defendant's waiver of the right to bring a motion pursuant to § 2255. *See United States v. Wilson,* 429 F.3d 455, 460 n.6 (3d Cir. 2005). However, in a non-precedential opinion, the Third Circuit indicated that a waiver of the right to collaterally attack a sentence is valid if it

4

meets the *Khattak* test. *See United States v. Perry,* 142 F. App'x 610, 611-12 (3d Cir. 2005) (per curiam) (concluding that the district court's denial of petitioner's motion collaterally attacking his sentence was proper in light of petitioner's waiver of his right to pursue such a collateral attack). Likewise, courts in this District have regularly held such waivers as valid and enforceable under the *Khattak* standard. *See, e.g., Simon v. United States,* No. 05-5503(JLL), 2006 WL 3534600, at *5 (D.N.J. Dec. 7, 2006) (dismissing § 2255 petition on ground that petitioner's waiver of his right to file a § 2255 petition was valid under *Khattak* standard); *Darr v. United States,* No. 06-0608(JAG), 2006 WL 2645119, at *2 (D.N.J. Sept.14, 2006) (same); *Prado v. United States,* No. 05-0938(JBS), 2005 WL 1522201, at *2 (D.N.J. June 27, 2005) (same). The Court agrees with these holdings and finds that the standard set forth in *Khattak* applies to waivers of the right to collaterally attack a sentence pursuant to § 2255. Therefore, Petitioner's waiver will be held valid and enforceable as long as it was entered into knowingly and voluntarily and the enforcement of such would not result in a miscarriage of justice.

    First, it is clear from the record that Petitioner entered into the waiver knowingly and voluntarily. Petitioner signed the plea agreement containing the waiver. Plea Agreement at 4,6. He also signed the Application for Permission to Enter Plea of Guilty, which included the following statement: "I offer my plea of GUILTY freely and voluntarily and of my own accord with full understanding of all matters. . . ." Appl.¶ 35. The Court verified this at Petitioner's plea colloquy on April 30, 2008, where Petitioner informed the Court that he understood his rights and his attorney acknowledged that Petitioner voluntarily waived certain rights to pursue an appeal. A waiver of the right to appeal is knowing and voluntary where the sentencing judge inquired as to whether the defendant understood his rights and the defendant received a sentence within the terms of his plea agreement. *Khattak*, 273 F.3d at 563; *see also United States v.*

*Dancy*, *No. 3:CV-06-070,* 2006 WL 2504028, at *3 (M.D. Pa. Aug 28, 2006) (holding that waiver of right to file a § 2255 motion is enforceable where petitioner indicated that he understood the waiver at his plea colloquy); *Prado*, 2005 WL 1522201, at *2 (enforcing waiver of right to bring § 2255 motion where petitioner signed plea agreement including the waiver and stated that he understood the waiver at his plea colloquy).

Second, Petitioner provides no basis for the Court to conclude that the circumstances surrounding his sentence were so "unusual" that the enforcement of his express waiver of his rights would result in a miscarriage of justice. The Court recognizes, however, that ineffective assistance of counsel claims, if not completely lacking in merit, could satisfy the standard. *See United States v. Shedrick,* 493 F.3d 292, 298 (3d Cir. 2007); *see also United States v. Teeter*, 257 F.3d 14, 25 n.9 (1st Cir. 2001) (enforcing waiver might work a miscarriage of justice when "plea proceedings were tainted by ineffective assistance of counsel"). Nonetheless, the Court finds no possible miscarriage of justice in the circumstances presented by this case.

As an initial matter, the Petition does not claim that the waiver itself was the product of ineffectiveness but instead claims ineffective assistance of counsel with respect to the negotiation of the sentence within his plea agreement. Courts in this Circuit have held that claims of ineffective assistance of counsel at sentencing as opposed to claims that the waiver or plea itself was tainted by ineffective counsel do not excuse knowing and voluntary waivers of post-conviction rights. *See, e.g., United States v. Robinson,* No. 04-0884, 2004 WL 1169112, at *3-4 (E.D. Pa. Apr. 30, 2004) (refusing to excuse defendant's waiver of his right to bring § 2255 motion where defendant's claims of ineffective assistance of counsel were based on counsel's performance at sentencing as opposed to ineffectiveness in entering into his plea agreement); *Simon v. United States*, No. 05-5503(JLL), 2006 WL 3534600, at *7 (D.N.J Dec. 7, 2006)

(same). For the same reasons, Petitioner's claim that his counsel was ineffective based on events outside of the plea negotiations and proceedings does not excuse his waiver.

Nevertheless, for the first time in his Reply, Petitioner argues that his attorney never explained the consequences of waiving his right to appeal or to collaterally attack his sentence. Specifically, in his response to the Government's Motion to Dismiss, Petitioner argues that "he was unaware that [his] plea agreement waived [his] rights to collaterally attack [his] sentence." Pet'r Reply at 1. The Court finds this argument to be disingenuous and in direct contradiction to the evidence. The plea agreement expressly sets forth the conditions of Petitioner's waiver of appeal and collateral attack and those conditions were met. Additionally, the Petitioner, in the presence of his attorney, signed the plea agreement, thereby expressly affirming that he fully understood it. Plea Agreement at 6. Finally, at his plea hearing on April 30, 2008, the Court questioned Petitioner at length and asked whether or not there had been a waiver of his right to appeal.[3] *See* Tr. of Sentencing Hr'g 17:20-21, Aug. 30, 2008. Petitioner, in his Reply, claims that the question regarding the waiver of his right to appeal was raised to his attorney and that his attorney, not he, "responded that was correct." Pet'r Reply at 1. In this instance, the distinction is meaningless. Petitioner has a Masters in Business Administration and as part of his job responsibilities while working for the City of New Brunswick, he reviewed and approved funding and contracts worth millions of dollars. Thus, by all accounts, Mr. Walker is a well-educated person who reviewed contracts on a regular basis. Consequently, any argument that he did not understand the waiver provisions in the litany of documents he signed, nor that he could not speak up for himself at his sentencing, is absurd. Consequently, there was no miscarriage

---

[3] When determining whether a waiver was knowing and voluntary, the actions of the judge who presided over the plea hearing are critical. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) (upholding waiver as valid when the sentencing judge, in accordance with Fed. R. Civ. P. 11, questioned the defendant at his plea hearing and concluded that he understood the terms of his plea agreement and was entering into it voluntarily).

of justice and the Petition is procedurally barred because Petitioner's right to attack his sentence was waived.

Finally, even if a miscarriage of justice could result from Petitioner's alleged ineffective assistance of counsel, a waiver does not "become[ ] unenforceable simply because a defendant claims . . . ineffective assistance, but only if the record of the criminal proceeding reveal[s] that the claim that the waiver was the result of ineffective assistance of counsel [is] meritorious." *United States v. Akbar*, 181 F. App'x 283, 286-87 (3d Cir. May 12, 2006) (internal citations and quotations omitted). As the Court discusses below, Petitioner did not receive ineffective assistance of counsel, and therefore enforcement of Petitioner's waiver would not work a miscarriage of justice. Similarly, and for the same reasons, even if the Court were to conclude that Petitioner's waiver is unenforceable, Petitioner's ineffective assistance of counsel claims would still fail on their merits.

II.     Ineffective Assistance of Counsel

Because Petitioner's arguments are clearly procedurally barred, the Court need not reach the merits of his ineffective assistance of counsel claims. However, even if the Court were to consider Petitioner's substantive arguments, they are unavailing and must be denied.

To succeed on an ineffective assistance of counsel claim, Petitioner must demonstrate both that (1) counsel's performance was deficient and contained errors so serious that 6th Amendment protections were denied, and (2) the deficient performance prejudiced the party. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To the extent that Petitioner claims his attorney was ineffective for failing to appeal his sentencing, Petitioner cannot satisfy the prejudice prong because the waiver contained in the Plea Agreement means that counsel could not have successfully raised these arguments on appeal. Therefore, no prejudice exists.

Petitioner's argument that his counsel was ineffective for negotiating an unfavorable plea agreement is equally unavailing. Petitioner again fails to demonstrate prejudice because he has made no showing that he would have received a more favorable sentence had he not entered into the plea agreement and proceeded to trial. Thus, Petitioner cannot successfully make out a claim for ineffective assistance of counsel.

## CONCLUSION

For the reasons discussed in this Opinion, this Court grants Respondent's Motion to Dismiss Petitioner's request for § 2255 relief.

s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**

cc: Magistrate Judge Madeline C. Arleo